# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:18CV01237 HEA ) |
| BLAKE LAUBINGER, et al., | ) ) |
| Defendants | ) ) |

## ANSWER OF DEFENDANTS ELLIS ATHANAS JR., ELLIS ATHANAS, III AND LYNN GELLERMAN

COME NOW Defendants Ellis Athanas Jr., Ellis Athanas, III and Lynn Gellerman, and for their Answer to Plaintiff's Complaint state as follows:

### Parties

1. Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman (hereafter collectively "Defendants") are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1, and therefore deny those allegations.

2. Defendants admit the allegations set forth in paragraph 2.

3. Defendants admit the allegations set forth in paragraph 3.

4. Defendants admit the allegations set forth in paragraph 4.

5. Defendants admit the allegations set forth in paragraph 5.

6. Defendants admit the allegations set forth in paragraph 6.

7. Defendants deny the allegations set forth in paragraph 7.

## JURISDICTION AND VENUE

8. The allegations set forth in Paragraph 8 state a legal conclusion to which no response is required.

9. Defendants admit that venue is proper in this Court.

10. The allegations set forth in Paragraph 10 state a legal conclusion to which no response is required.

## FACTUAL ALLEGATIONS

11. Defendants admit the allegations set forth in paragraph 11.

12. To the extent that the allegations in Paragraph 12 restate and summarize the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

13. To the extent that the allegations in Paragraph 13 restate and summarize the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

14. To the extent that the allegations in Paragraph 14 restate and summarize the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

15. To the extent that the allegations in Paragraph 15 restate and summarize the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

16. To the extent that the allegations in Paragraph 16 restate and summarize the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

17. To the extent that the allegations in Paragraph 17 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

18. To the extent that the allegations in Paragraph 18 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

19. To the extent that the allegations in Paragraph 19 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

20. To the extent that the allegations in Paragraph 20 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

21. To the extent that the allegations in Paragraph 21 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

22. To the extent that the allegations in Paragraph 22 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

23. Defendants admit the allegations set forth in paragraph 23.

24. To the extent the allegations of paragraph 24 attempt to restate and summarize the statements of Ellis Athanas III, Defendants state that the recorded interview speaks for itself; therefore, such allegations require no response.

25. To the extent the allegations of paragraph 25 attempt to restate and summarize the statements of Ellis Athanas III, Defendants state that the recorded interview speaks for itself; therefore, such allegations require no response.

26. To the extent the allegations of paragraph 26 attempt to restate and summarize the statements of Ellis Athanas III, Defendants state that the recorded interview speaks for itself; therefore, such allegations require no response.

27. Defendants admit the allegations set forth in paragraph 27.

28. Defendants admit the allegations set forth in paragraph 28.

29. Defendants admit the allegations set forth in paragraph 29.

30. Defendants admit the allegations set forth in paragraph 30.

31. Defendants admit that Zachary Smith pled guilty to misprision of a felony on May 22, 2017.  To the extent the remainder of the allegations of paragraph 31 attempt to restate and summarize the Superseding Indictment and Judgment regarding Zachary Smith, Defendants state that said documents are written documents that speak for themselves; therefore, such allegations require no response.

32. Defendants admit the allegations set forth in paragraph 32.

33. Defendants admit the allegations set forth in paragraph 33.

34. Defendants admit the allegations set forth in paragraph 34.

## **THE POLICIES**

35. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 35, and therefore deny those allegations.

36. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 36, and therefore deny those allegations.

37. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 37, and therefore deny those allegations.

38. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 38, and therefore deny those allegations.

39. The allegations set forth in Paragraph 39 state a legal conclusion to which no response is required.  To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself.  To the extent that a response is required, Defendants deny these allegations.

40. To the extent that the allegations in Paragraph 40 pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself; therefore, such allegations require no response.  To the extent that a response is required, Defendants deny these allegations.

41. To the extent that the allegations in Paragraph 41 pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself; therefore, such allegations require no response. To the extent that a response is required, Defendants deny these allegations.

42. The allegations set forth in Paragraph 42 state a legal conclusion to which no

response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

43. The allegations set forth in Paragraph 43 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

44. The allegations set forth in Paragraph 44 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

45. The allegations set forth in Paragraph 45 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

46. The allegations set forth in Paragraph 46 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

**COUNT I – Declaration that the Policies Afford No Coverage for the Claims Because the Claimants' Injuries Were Not Causes By An "Occurrence"**

47. Defendants restate and incorporate their responses to the allegations of paragraphs 1-46.

48. The allegations set forth in Paragraph 48 state a legal conclusion to which no

response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

49. The allegations set forth in Paragraph 49 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

50. The allegations set forth in Paragraph 50 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny those allegations.

51. The allegations set forth in Paragraph 51 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny those allegations.

52. The allegations set forth in Paragraph 52 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny those allegations.

WHEREFORE, Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman request that this Court enter judgment in their favor on Count I of Plaintiff's Complaint, and that it grant them such other relief as is just.

## COUNT II – Declaration that the Policy Excludes Coverage Under the "Expected or Intended" Injury Exclusion

53. Defendants restate and incorporate their responses to the allegations of paragraphs 1-52.

54. The allegations set forth in Paragraph 54 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny those allegations.

55. The allegations set forth in Paragraph 55 state a legal conclusion to which no

response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

56. The allegations set forth in Paragraph 56 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

57. To the extent that the allegations in Paragraph 57 pertain to the Petition filed in the Underlying Action, Defendants state that the Petition is a written document that speaks for itself; therefore, such allegations require no response.

58. Defendants admit the allegations of Paragraph 58.

59. Defendants admit that Zachary Smith pled guilty to a charge of misprision of a felony. The remainder of the allegations set forth in Paragraph 59 state legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 59.

60. The allegations set forth in Paragraph 60 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

WHEREFORE, Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman request that this Court enter judgment in their favor on Count II of Plaintiff's Complaint, and that it grant them such other relief as is just.

## COUNT III – Declaration that the Policy Excludes Coverage Under the Criminal Acts Exclusion

61. Defendants restate and incorporate their responses to the allegations of paragraphs 1-60.

8

62. The allegations set forth in Paragraph 62 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

63. The allegations set forth in Paragraph 63 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

64. The allegations set forth in Paragraph 64 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

65. Defendants admit the allegations of Paragraph 65.

WHEREFORE, Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman request that this Court enter judgment in their favor on Count III of Plaintiff's Complaint, and that it grant them such other relief as is just.

## COUNT IV – Declaration That The Policy Excludes Coverage
## Under The Physical Or Mental Abuse Exclusion

66. Defendants restate and incorporate their responses to the allegations of paragraphs 1-65.

67. The allegations set forth in Paragraph 67 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

68. The allegations set forth in Paragraph 68 state a legal conclusion to which no

9

response is required.  To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself.  To the extent that a response is required, Defendants deny these allegations.

69.     Defendants admit that they suffered physical and/or mental injuries as a result of the actions of Blake Laubinger, Caleb Laubinger and Zachary Smith described in their Petition in the Underlying Action.  To the extent the allegations set forth in Paragraph 69 apply the contractual language of the subject insurance policies to the facts of this matter, these allegations state a legal conclusion to which no response is required.

70.     Defendants admit that Ellis Athanas, III alleges damages arising out of threats of violence and actual violence against him.  The remainder of the allegations set forth in Paragraph 70 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the remainder of these allegations.

71.     Defendants admit that Ellis Athanas, Jr. and Lynn Gellerman allege damages arising out of fear and emotional distress in connection with threats to harm or kill their son.  The remainder of the allegations set forth in Paragraph 71 state a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the remainder of these allegations.

WHEREFORE, Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman request that this Court enter judgment in their favor on Count IV of Plaintiff's Complaint,  and that it grant them such other relief as is just.

### COUNT V – Declaration that the Policy Excludes Coverage, in Part, Under the Motor Vehicle Exclusions

72.     Defendants restate and incorporate their responses to the allegations of paragraphs 1-71.

73. The allegations set forth in Paragraph 73 state a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny these allegations.

74. The allegations set forth in Paragraph 74 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

75. The allegations set forth in Paragraph 75 state a legal conclusion to which no response is required. To the extent that these allegations pertain to the contractual language of the referenced insurance policy, Defendants state that said policy is a written document that speaks for itself. To the extent that a response is required, Defendants deny these allegations.

76. Defendants admit the allegations of Paragraph 76.

WHEREFORE, Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman request that this Court enter judgment in their favor on Count V of Plaintiff's Complaint, and that it grant them such other relief as is just.

**BICK & KISTNER, P.C.**

By: /s/ Elkin L. Kistner
Elkin L. Kistner     #35287MO
101 South Hanley Road, Suite 1280
St. Louis, Missouri 63105
Telephone: (314) 571-6823
Facsimile: (314) 727-9071
E-mail: elkinkis@bick-kistner.com
*Attorney for Defendants Ellis Athanas Jr., Ellis Athanas III and Lynn Gellerman*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of October, 2018 a copy of the foregoing document was served via electronic mail through the Court's electronic filing system to:

Angela M. Higgins
2400 Pershing Rd., Suite 500
Kansas City, MO  64108
higgins@bscr-law.com

/s/ Elkin L. Kistner