IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) |
| Plaintiff, | ) ) Case No. 4:18-cv-01237-HEA |
| v. | ) ) ) |
| BLAKE LAUBINGER, CALEB LAUBINGER, ZACHARY SMITH, ELLIS ATHANAS, JR., LYNN GELLERMAN, and ELLIS ATHANAS, III, | ) ) ) ) ) |
| Defendants. | ) ) |

**MOTION FOR ENTRY OF JUDGMENT BY DEFAULT
WITH INCORPORATED MEMORANDUM IN SUPPORT**

Plaintiff Safeco Insurance Company of America ("Safeco"), pursuant to Fed. R. Civ. P. 55(b)(2), moves for entry of judgment by default on its Complaint for Declaratory Judgment against defendants Blake Laubinger and Caleb Laubinger, based upon the matters set forth in the Complaint (Doc. 1) and the exhibits thereto, and as more fully set forth in Safeco's Motion for Judgment on the Pleadings, Memorandum in Support thereof, and Reply in Support thereof (Doc. Nos. 30, 31, and 35) and the exhibits thereto, which are incorporated herein by reference.

**I.      INTRODUCTION**

This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201.  Safeco seeks the Court's declaration that homeowners' insurance policies it issued with respect to defendants Blake Laubinger, Caleb Laubinger, and Zachary Smith do not provide

coverage for claims arising out of the kidnapping, torture, and ransom of Ellis Athanas, III.

Defendants Ellis Athanas, Jr., Lynn Gellerman, and Ellis Athanas, III have made a demand upon Safeco for payment of the homeowners' insurance policy proceeds, and have filed a civil action against Blake Laubinger, Caleb Laubinger, and Zachary Smith, which is now pending in the Circuit Court for St. Louis County, Missouri.  Defendants Blake and Caleb Laubinger are in default in this declaratory judgment action; defendants Zachary Smith, Ellis Athanas, Jr., Lynn Gellerman, and Ellis Athanas, III have answered. Defendants Ellis Athanas, Jr., Lynn Gellerman, and Ellis Athanas, III have responded to Safeco's pending motion for judgment on the pleadings.  *See* Doc. 34.

## II.   LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure authorizes this Court to enter a judgment by default, including costs, "against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person."  If the judgment is not for a sum certain, a plaintiff may obtain entry of judgment by default by applying to the Court to enter judgment.  Fed. R. Civ. P. 55(b)(2).

## III.  DEFENDANTS BLAKE LAUBINGER AND CALEB LAUBINGER WERE PERSONALLY SERVED WITH PROCESS, AND ARE IN DEFAULT.

Defendant Blake Laubinger was personally served with a Summons and copy of the Complaint on August 7, 2018.  *See* Return of Service (Doc. 5), incorporated herein by reference.  Blake Laubinger was required to plead or otherwise respond to the Complaint on or before August 28, 2018.  Mr. Laubinger has failed to answer, otherwise respond to the Complaint, or appear in this matter.  A Clerk's Entry of Default was entered against him on September 5, 2018.  *See* Docket No. 10.

Defendant Caleb Laubinger was personally served with a Summons and copy of the Complaint on October 19, 2018. *See* Return of Service (Doc. 23), incorporated herein by reference. Caleb Laubinger was required to plead or otherwise respond to the Complaint on or before November 9, 2018. Mr. Laubinger has failed to answer, otherwise respond to the Complaint, or appear in this matter. A Clerk's Entry of Default was entered against him on December 6, 2018. *See* Docket No. 27.

## IV. THIS COURT HAS OBTAINED PERSONAL JURISDICTION OVER THE DEFENDANTS IN DEFAULT.

Federal courts have general personal jurisdiction over individuals in the states in which such individuals are domiciled. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "[T]he domicile of an individual is his true, fixed and permanent home and place of habitation." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). Both Blake Laubinger and Caleb Laubinger are presently incarcerated, but are citizens of the State of Missouri and were homeowners in Missouri at the time of the events described in the Complaint. *See* Complaint (Doc. 1), ¶¶ 2-3; *see also* Homeowners' insurance policies, attached to the Complaint as Exhibits 13 and 14.

"With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977); *Younger v. Fleming*, No. 4:16-CV-1559 JAR, 2017 U.S. Dist. LEXIS 10706, at *3 (E.D. Mo. Jan. 25, 2017). Accordingly, both Blake Laubinger and Caleb Laubinger are domiciled in the State of Missouri, and as individuals are thus subject to this Court's general personal jurisdiction.

3

## V. PLAINTIFF IS ENTITLED TO JUDGMENT AGAINST THE DEFAULTING DEFENDANTS.

Once a default is entered, as it has been in this case, a "defendant is deemed to have admitted all well pleaded allegations in the complaint." *Taylor v. Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988) (internal quotations omitted); *see also Bricklayers' Union Local No. 1 v. Dietrich Masonry, LLC*, No. 4:07-CV-1469, 2008 U.S. Dist. LEXIS 1111, *7 n.1 (E.D. Mo. January 7, 2008) ("Because of the defendant's default, the unopposed allegations of the complaint are deemed to be true").  Where the findings and judgment are capable of being determined on the basis of facts of record, the Court need not conduct an evidentiary hearing to enter judgment by default for the plaintiff. *Taylor v. Ballwin*, 859 F.2d 1330, 1333 (8th Cir. 1988).  The Court need not conduct an evidentiary hearing here, as the facts of record have been established by virtue of the unopposed allegations of the Complaint and exhibits thereto, and the Motion for Judgment on the Pleadings, Memorandum in Support thereof, and Reply in Support thereof, and exhibits thereto (Doc. Nos. 30, 31, and 35).  Safeco does not seek a monetary award, but simply declaratory judgment, which can be rendered on the record now before the Court.

As support for the judgment requested, Safeco incorporates by reference as if fully set forth herein its Complaint and exhibits thereto (Doc. 1), and also, specifically, its Motion for Judgment on the Pleadings, Memorandum in Support thereof, and Reply in Support thereof, and exhibits thereto (Doc. Nos. 30, 31, and 35).  For all the reasons set forth therein, which are uncontested by Blake Laubinger and Caleb Laubinger, Safeco is entitled to judgment against these defendants on its complaint for declaratory judgment pursuant to 28 U.S.C. § 2201.

4

## CONCLUSION

Accordingly, for the reasons set forth herein and in Safeco's Complaint (Doc. 1) and in its Motion for Judgment on the Pleadings, Memorandum in Support thereof, Reply in Support thereof, and exhibits thereto (Doc. Nos. 30, 31, and 35), Safeco is entitled to a judgment by default declaring no coverage under the homeowners' insurance policies issued by Safeco to defendants Blake Laubinger and Caleb Laubinger for the claims of Ellis Athanas, Jr., Lynn Gellerman, and Ellis Athanas, III.

WHEREFORE, Plaintiff Safeco Insurance Company of America respectfully requests that the Court enter judgment by default against defendants Blake Laubinger and Caleb Laubinger and in favor of Safeco with respect to the claims against them herein, and for any and all such further relief as the Court deems just and proper.

BAKER STERCHI COWDEN & RICE, L.L.C.

 /s/  Angela M. Higgins
Angela M. Higgins          52159MO
2400 Pershing Road, Suite 500
Kansas City, MO  64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
higgins@bscr-law.com
ATTORNEY FOR PLAINTIFF
SAFECO INSURANCE COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

I certify that I served a copy of the above and foregoing this 5th day of April, 2019, by filing the same with the Clerk of Court using the CM/ECF system, which will transmit notice of the filing to all counsel of record.

 /s/  Angela M. Higgins

4824-0748-9171v.1