# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SAFECO INSURANCE COMPANY of AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 4:18CV1237 HEA |
| v. | )<br>) |
| BLAKE LAUBINGER, et al., | )<br>) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This is an insurance coverage declaratory judgment action pursuant to 28 U.S.C. § 2201. Before the Court is the Motion for Judgment on the Pleadings filed by Plaintiff Safeco Insurance Company of America ("Safeco"), [Doc. No. 30]. The motion is fully briefed. For the reasons set forth below, the motion is **GRANTED.**

## Facts and Background

The relevant facts in this matter are undisputed. Defendants Ellis Athanas, Jr., Lynn Gellerman, and Ellis Athanas, III have a pending civil action for damages ("the underlying action") in state court against Safeco's insureds, Defendants Blake Laubinger, Caleb Laubinger, Zachary Smith, ("the insureds"), among other defendants. The civil action stems from the allegation that the defendants in the underlying suit formed an agreement between themselves to unlawfully kidnap, detain, torture, and ransom Ellis Athanas, III. The insureds have pled guilty to

criminal charges. The Laubinger Defendants are currently serving sentences. Defendant Smith has served his sentence. After the insureds made a demand on Safeco for payment of the policy proceeds, Safeco brought this declaratory judgment action. In its motion for judgment on the pleadings, Safeco requests for judgment to be entered in its favor by declaring that there is no coverage under the policies for Defendants Athanas, Jr., Gellerman, and Athanas, III's claims against Defendants Blake Laubinger, Caleb Laubinger, and Zachary Smith.

The Laubinger Defendants have failed to respond to this action, and the Court has entered default judgments against them.

**The Underlying State Civil Action**

Analysis of the arguments at issue requires review of the petition filed by the Athanas Defendants and Defendant Gellerman in state court (the "Petition"). These Defendants sue the Laubinger Defendants and Defendant Smith for money had and received (Count I), assault (Count II), battery (Count III), false imprisonment, (Count IV), infliction of emotional distress (Count V), conspiracy (Count VI), conversion (Count VII). The factual allegations which are common to all counts are as follows:

Ellis Athanas, Jr. is the natural father of Ellis Athanas, III. Lynn Gellerman is the natural mother of Ellis Athanas, III

On or about November 21, 2016, Defendants formed an agreement between themselves to unlawfully kidnap, detain, torture and ransom Ellis Athanas, III in order to obtain money and other things of value from Plaintiffs.

On or about November 21, 2016, Defendants Blake Laubinger and Caleb Laubinger ambushed Ellis Athanas, III at his home in St. Louis County. Blake Laubinger and Caleb Laubinger struck Ellis Athanas, III, beat him, bound his hands, and then took him by force and against his will to the home of Blake Laubinger. Defendants then took Ellis Athanas, III, by force and against his will, to property owned by Todd Beckman, where they confined him in an empty shipping container.

On or about November 22, 2016, Defendants contacted Ellis Athanas, Jr. by telephone and demanded a ransom for the release of Ellis Athanas, III. In order to encourage payment of the ransom, Defendants assaulted and tortured Ellis Athanas, III while on the phone with this father by, among other things, binding him, restraining him, beating him, tasing him and threatening to kill him. Specifically, among other acts:

    a) Defendants Todd Beckman and Kerry Roades beat Ellis Athanas, III and pressed the barrel of a handgun to his head;

    b) Defendant Todd Beckman dry-fired a handgun against Ellis Athanas, III's head;

    c) Defendants Todd Beckman and Kerry Roades threatened to shoot Ellis Athanas, III, chop him up, and shrink wrap him;

    d) Defendants Zachary Smith and Blake Laubinger repeatedly tased Ellis Athanas, III; and

    e) Defendants Todd Beckman and Kerry Roades struck victim Ellis Athanas with a handgun.

Acting under extreme duress caused by the unlawful conduct of Defendants, on or about November 23, 2016, Ellis Athanas, Jr. paid Defendants Three Thousand Dollars ($3,000.00) in exchange for the release of Ellis Athanas, III ("Ransom Payment").

Defendants then transported Ellis Athanas, III in a van owned by Team Tan, Inc. and utilized by Tanco, LLC to a nearby shopping center, where they released him.

Defendant Todd Beckman is the president, secretary and sole director of Team Tan, Inc. Upon information and belief, neither Team Tan, Inc. nor Tanco, LLC observe any corporate formalities and are merely the instruments of Todd Beckmann.

As a direct and proximate result of Defendants' conduct described above, Ellis Athanas, III suffered serious physical injuries, required medical treatment, and endured severe pain and suffering.

As a direct and proximate result of Defendants' conduct described above, Lynn Gellerman was required to miss substantial time from her employment and suffered lost wages.

As a direct and proximate result of Defendants' conduct described above, all Plaintiffs suffered severe, medically diagnosable and medically significant emotional distress and psychological harm.

Each count sets out additional relevant allegations. In Count I, for money had and received by Athanas, Jr., the Petition alleges that the circumstances under which the Ransom Payment was made render it unjust and inequitable for the underlying case Defendants to retain. In Count II, for assault the Plaintiffs allege Defendants threatened to beat, tase, torture, and murder Athanas, III, and that he reasonably believed that he would be beaten, tased, tortured, and murdered. In Count III for battery, Plaintiffs allege Defendants beat, bound and tased Athanas, III. In Count IV for false imprisonment the Petition alleges that Defendants detained and restrained Athanas, III against his will. In Count III, for infliction of emotional distress, the Petition alleges that Defendants knew or should have known that their conduct would cause Plaintiffs severe emotional distress. In Count VI, for conspiracy, the Petition alleges the Defendants formed an agreement between themselves to unlawfully kidnap, detain, torture, and ransom Athanas, III, and that acting together, they carried out their plan in order to obtain money from Plaintiffs in exchange for the release of Athanas, III. In Count VII for conversion, the Petition alleges Defendants took and kept certain items of personal property that belonged to Athanas, Jr.

**The Homeowner's Insurance Policies**

Also necessary to the analysis is a review of the relevant definition and exclusion provisions in Safeco's policies issued to Blake Laubinger, Rodney and Christine Laubinger (parents of Caleb Laubinger) and William and Donna Cook (mother of Zachary Smith). The policies provide liability coverage for the insureds "[i]f a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies[.]" The policies define "occurrence" to mean "an accident ... which results in: (1) bodily injury[.]" The policies define "bodily injury" to mean "bodily harm, sickness or disease."

The policies contain the following relevant exclusions. First, the policy excludes from coverage bodily injury: which is expected or intended by any insured or which is the foreseeable result of an act or omission intended by any insured. This exclusion applies even if: (1) Such bodily injury or property damage is of a different kind or degree than expected or intended; or (2) Such bodily injury or property damage is sustained by a different person, or persons, than expected or intended.

Second, the policy excludes from coverage bodily injury "which results from violation of criminal law committed by, or with the knowledge or consent of any

insured. This exclusion applies whether or not any insured is charged or convicted of a violation of criminal law.

Third, the policy excludes from coverage bodily injury "arising out of physical or mental abuse, sexual molestation or sexual harassment."

Fourth, the policies each exclude from coverage any bodily injury "arising out of the ownership, maintenance, use, loading or unloading of: . . . (2) motorized land vehicles, including any trailers, owned or operated by or rented or loaned to any insured."

Fifth, the policies each exclude from coverage any bodily injury "arising out of: (1) the entrustment by any insured to any person; (2) the supervision by any insured of any person; (3) any act, decision or omission by any insured; . . . with regard to any aircraft, motorized land vehicle or watercraft which is not covered under Section II of this policy."

## Legal Standards

### Judgment on the Pleadings Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law, the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)[.]"

7

*Ashley County v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (internal quotations and citation omitted). "When considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Porous Media Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (internal quotations and citation omitted).

**Missouri Insurance Law**

Because jurisdiction in this case is based on diversity, the Court applies state substantive law, and the parties do not dispute that Missouri law applies. *Schwan's Sales Enters., Inc. v. SIG Pack, Inc.*, 476 F.3d 594, 595 (8th Cir. 2007). Under Missouri law, the rules governing the interpretation of insurance policies are well settled. *See Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. banc. 1998). The Supreme Court of Missouri has given the following guidance for interpreting insurance policies:

> The general rules for interpretation of other contracts apply to insurance contracts as well. The key is whether the contract language is ambiguous or unambiguous. When there is ambiguity in an insurance policy, the Court must interpret the policy in favor of the insured. However, where insurance policies are unambiguous, they will be enforced as written.

*Todd v. Mo. United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc. 2007) (internal quotations and citations omitted).

The party seeking to establish coverage under the insurance policy has the burden of proving that the claim is covered by the policy. *State Farm Fire & Cas. Co. v. D.T.S.*, 867 S.W.2d 642, 644 (Mo. App. 1993). The burden of proving coverage remains on the parties who are seeking coverage even though they are denominated as defendants in a declaratory judgment action. *Id.* "On the other hand, an insurance company seeking to avoid coverage by reason of a policy exclusion has the burden of proving the applicability of the exclusion." *Id.*; *Columbia Mut. Ins. Co. v. Neal*, 992 S.W.2d 204, 207 (Mo. App. 1998) (insurance company relying on policy exclusion to deny coverage must prove the facts which make the exclusion applicable).

"Disputes arising from interpretations and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute." *Centermark Props. v. Home ndem. Co.*, 897 S.W.2d 98, 100 (Mo. App. 1995). Because "[a]n insurance contract is designed to furnish protection[,] it will be interpreted to grant coverage rather than defeat it." *Id.* at 101. Accordingly, "[w]hen an insurance company relies on a policy exclusion to assert noncoverage ... [the court] construe[s] the exclusion clause strictly against the insurer." *Killian v. State Farm Fire & Cas. Co.*, 903 S.W.2d 215, 217 (Mo. App. 1995).

## Discussion

**The Parties' Arguments**

With the background and relevant legal standards as the framework, the Court turns to the arguments in the motion as to whether the policy covers the claims against the Laubingers and Smith. The facts are undisputed and the coverage issue can be decided as a matter of law.

In the instant motion, Safeco maintains that by the unambiguous terms of the insurance policies at issue, there is no coverage. Initially, Plaintiff argues that the injuries alleged in the underlying case establish that there has not been an "occurrence" as defined in the policy because the kidnap, torture, and ransom of Athanas, III was not an "accident." Further, Plaintiff argues that emotional distress is not "bodily injury" under the policies. Plaintiff also argues that coverage is excluded under three different exclusions: (1) the expected/intended injury exclusion, (2) the physical, mental, or sexual abuse exclusion and (3) the violation of criminal law exclusion. Safeco contends that if any one of these exclusions is found to apply, there is no coverage available under the policy.

The policy provides coverage if a claim is brought against an insured for damages because of bodily injury caused by an occurrence. The policy defines an "occurrence" to mean an "accident." Although the policy does not define "accident," by its common meaning it is "[a]n event that takes place without one's

foresight or expectation." *Am. States Ins. Co. v. Mathis*, 974 S.W.2d 647, 650 (Mo. App. 1998).

The Petition in the underlying state civil action alleges that defendants knew or should have known that their conduct would cause Plaintiffs severe emotional distress. Thus, Defendants argue that the Petition may be construed as seeking compensation for the mental and emotional injuries recklessly inflicted on Plaintiffs. However, the fact that the suit could be construed as alleging a claim for recklessness does not alter the inherently intentional nature of Smith and the Laubingers' alleged misconduct. *California Cas. Gen. Ins. Co. v. Nelson*, 2014 WL 12585786, at *6–7 (W.D. Mo. Dec. 22, 2014) (no insurance coverage for negligence claim where claim is premised on intentional acts of insured); *Brand v. Kan. City Gastroenterology & Hepatology, LLC*, 414 S.W.3d 546, 553 (Mo. App. 2013) (same). All of the alleged injuries flow from the intentional acts of these Defendants in conspiring to kidnap, kidnapping and physically abusing Athanas, III; without the intentional acts, there would be no basis upon which to bring any claims based on recklessness.

In addition, even strictly construing the exclusions against Safeco, coverage is excluded by the violation of criminal law exclusion. The Laubingers and Smith were charged with violations of criminal law and each pled guilty to crimes which gave rise to the injuries alleged in the underlying suit. Therefore, the plain and

unambiguous terms of the violation of criminal law exclusion prevents coverage for the claims alleged in the underlying suit. Defendants' reliance on *Pitt v. Leonberger*, 528 S.W.3d 1 (Mo.App. E.D. 2017) is misplaced. In *Pitt*, the parties agreed that Defendant Leonberger accidentally ran over and killed six year old Hunter Pitt:

> No one maintains Leonberger intentionally ran over Hunter Pitt. Everyone has acknowledged it was an accident. That characterization puts the act squarely in the occurrence/accident coverage category of the Policy. The fact that the prosecutor, for whatever reason, decided to charge Leonberger with second-degree involuntary manslaughter for the occurrence does not change its nature, to-wit: that of a purely unintentional accident.

*Id.*, at 15. The underlying suit alleges only intentional acts, or damages which flow from the intentional acts of defendants therein.

Moreover, another exclusion in the policy excludes from coverage bodily injury for physical, mental or sexual abuse. The cause of the harm alleged in the Petition arose from the alleged physical abuse of Athanas, III. The Petition alleges that the Laubingers and Smith bound, restrained, beat, tased and threatened to kill Athanas, III. *See Nationwide Affinity Ins. Co. v. Rutledge*, No. 4:15 CV 1757 RWS, 2017 WL 85907 (E.D. Mo. Jan. 10, 2017) (applying Missouri law) (finding no coverage per assault and battery exclusion with similar "arising out of" language); *Capitol Indem. Corp. v. Callis*, 963 S.W.2d 247, 250 (Mo. App. 1997) (same). Therefore, the plain and unambiguous terms of the physical, mental, or sexual

abuse exclusion prevents coverage for the bodily injury claims, even assuming that "bodily injury" would encompass the emotional distress claims.

## Conclusion

Safeco is entitled to judgment as a matter of law as against Defendants Zackary Smith, Ellis Athanas, Jr., Lynn Gellerman, and Ellis Athanas, III because there is no coverage under the policy for the claims against the Laubingers and Smith.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Judgment on the Pleadings filed by Plaintiff Safeco Insurance Company of America, [Doc. No. 30], is **GRANTED** as to Defendants Smith, Athanas, Jr., Gellerman, and Athanas, III.

A separate judgment is entered this same date.

Dated this 23rd day of April, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE